## EQUITABLE LIFE & CASUALTY INS. CO.
## v. STATE TAX COMMISSION.

No. 7805.   Decided November 8, 1952.   (249 P. 2d 955.)

See 61 C. J., Taxation, sec. 849. Taxation of insurance companies. 51 Am. Jur., Taxation, secs. 915 et seq.

*Van Cott, Bagley, Cornwall & McCarthy, Clifford L. Ashton,* Salt Lake City, for plaintiff.

*Thomas C. Cuthbert,* Salt Lake City, for defendant.

WOLFE, Chief Justice.

Certiorari to review a determination made by the Tax Commission that the plaintiff owes an insurance premium tax in the amount of $2,331.47 for the year 1949 and that no part of the costs of an examination paid by the plaintiff in 1948 can be credited against that amount.

The facts are undisputed. Plaintiff is a stock company engaged in the insurance business in this state. In 1948 the State Insurance Commissioner pursuant to Sec. 43-3-1, Chap. 63, Laws of Utah 1947, ordered an examination of the affairs, accounts and assets of the plaintiff and employed a private firm of certified public accountants to conduct the examination. The entire examination was made and completed in 1948 and in that same year the plaintiff was billed for and paid the total cost thereof amounting to $7,547.20.

Subsection (1) of Sec. 43-14-4, Chap. 63, Laws of Utah 1947, provides, so far as is pertinent here:

"Every insurance company engaged in the transaction of business in this state shall pay to the State Tax Commission, on or before the thirty-first day of March in each year:

"(1) a tax of two and one-fourth (2¼) per cent of the total premiums received by it during the next preceding calendar year from insurance covering property or risks located in this state, \* \* \*."

However, subsection (3) of the same section provides:

"If any insurance company shall have paid a property tax in the State of Utah *or any fee for examination required by this code during said year*, it shall be entitled to deduct from the tax herein provided for the amount of such property tax paid for general state purposes, and the amount of any such examination fee. The taxes and fees as provided herein shall be in lieu of all other state, county, and municipal licenses and fees of every kind and character. \* \* \*" (Italics added.)

In its premium tax return for 1948, the plaintiff reported taxable premiums in the amount of $98,999.86. A tax of two and one-fourth per cent on that amount would be $2,227.49, but inasmuch as the plaintiff had paid deductible examination costs that year exceeding several times the latter amount, the plaintiff had no tax to pay. The following year, 1949, taxable premiums received by the plaintiff totalled $103,620.81. A tax of two and one-fourth per cent on that amount equals $2,331.47. Again the plaintiff filed

a premium tax return, but paid no tax, contending that it was entitled to take as a deduction that part of the cost of the 1948 examination which had not been consumed as a deduction in 1948. The Tax Commission, however, refused to allow the deduction claimed by the plaintiff for the year, 1949, because the examination cost had not been paid that year, but in 1948, and assessed it the full $2,331.47 tax.

The sole question for our determination is whether under subsection (3) of Sec. 43-14-4, set out above, costs of examination can be deducted from the premium tax only in the year in which they are paid or whether, as plaintiff contends, such costs can be carried forward from one year to the next and utilized as a deduction until the full amount of said costs are consumed.

Sec. 43-14-4, Chap. 63, Laws of Utah 1947, is part of a new insurance code enacted by the Legislature in 1947. By express provision, the entire old insurance code contained in Title 43, Utah Code Annotated 1943, was repealed. However, many sections of the new code are identical with or closely resemble in their wording certain sections of the old code. In the old code, Sec. 43-3-7 provided, so far as is pertinent here:

"All insurance companies engaged in the transaction of business in this state shall annually, on or before the thirty-first day of March in each year, pay to the state tax commission two and one fourth per centum of the total premiums received from insurance covering property or risks located in this state during the next preceding calendar year, * * *; *provided*, that if any insurance company shall have paid a property tax in the state of Utah during said year, it shall be entitled to deduct from the tax herein provided for the amount of such property tax paid for general state purposes. * * *"

It will be noted that in the above statute no provision was made for deducting costs of examination from the tax therein imposed. Only the amount of "such property tax paid for general state purposes" was deductible, the word "such" referring to property taxes paid during "said year",

meaning the next preceding calendar year (the year for which the return is filed).

The substance of Sec. 43-3-7 of the old code was carried over into Sec. 43-14-4 of the new code of 1947, with some new material being added thereto. Among the new material is the provision for the deduction of examination fees. Worthy of particular note is that the provision for the deduction of property taxes was carried over verbatim from old Sec. 43-3-7 to subsection (3) of new Section 43-14-4, with the Legislature simply interlining the following italicized words to create the deduction of examination fees:

"If any insurance company shall have paid a. property tax in the State of Utah *or any fee for examination required by this code* during said year, it shall be entitled to deduct from the tax herein provided for the amount of such property tax paid for general state purposes, *and the amount of any such examination* fee. * * *"

It is patent to us that the intent of the Legislature was to make deductible property taxes paid for general state purposes and examination fees only when paid during the taxable year. Subsection (3) will admit of no other reasonable construction. The "such property tax" and the "such examination fee" which are made deductible are the specific tax and fee mentioned early in the subsection and which are there required to be paid during the taxable year. Since in old Sec. 43-3-7, the words "during said year" modified the word "paid", it is unlikely that the Legislature by interlining the new material which created the additional deduction of examination costs intended to change the meaning so as to make the words "during said year" no longer modify the word "paid", but to modify the words "examination required by this code." Examinations are not required annually by the code, and thus such a construction does not make sense.

Even if we were to admit that the statute under consideration is ambiguous, the plaintiff would not be helped thereby since deductions and exemptions must be construed

strictly against the taxpayer. *Norville* v. *State Tax Commission,* 98 Utah 170, 97 P. 2d 939, 126 A. L. R. 1318. Counsel for the plaintiff concede that it will rarely happen that the cost of an examination will exceed the premium tax due, giving likelihood to the probability that the Legislature either failed to consider or deemed unlikely such contingency and thus did not make provision for the carrying forward of deductions from one year to the next. However, if the Legislature did consider such a contingency likely, it resolved not to allow the carrying forward of deductions in conformity with the statutes imposing the corporate franchise tax, which tax the premium tax on insurance companies is in lieu of, and in conformity with taxing statutes generally.

The decision of the Tax Commission is affirmed. Costs to the defendant.

McDONOUGH and CROCKETT, JJ., concur.

WADE, J., concurs in the result.

HENRIOD, J., being disqualified, did not participate herein.